Take your time. The next case is United States v. Anderson, Case No. 16-11424. Thank you, Your Honor. Ms. Dreisbel. May it please the Court. Tracy Dreisbel, Assistant Federal Public Defender on behalf of Tyrone Anderson. In Clark v. United States, the Florida Supreme Court recognized the existence of a longstanding, consistent definition of conviction that requires an adjudication. The holding and reasoning applied by the Florida Supreme Court and Clark are inconsistent with this Court's previous ruling in Santiago that such definition was fluid and context-specific. Santiago, the premise, the state law premise of Santiago has now been called into doubt by a subsequent pronouncement of the state's highest court and should be reconsidered. In Clark, the Florida Supreme Court used this phrase, longstanding, consistent definition, twice, and the phrase longstanding, consistent interpretation, once. And what they explained to us is that we, as the Eleventh Circuit, have been looking at their law regarding conviction wrong. And perhaps that is because when we first addressed this issue in Orionis, we relied on the case of State v. Gazda. And even though the Florida Supreme Court had used the phrase withheld adjudication in Gazda, it was not what is commonly considered a withheld adjudication under Florida law that is currently codified at Florida Statute 948.01. And that statute allows a trial judge in the state of Florida to make a finding that the defendant is not likely to engage in a future course of criminal conduct and that the ends of justice do not require that the defendant suffer the penalty of a conviction at that time. And when that finding is made, it is well established and clearly understood by the Florida courts that that is not a conviction. And we know this because in Clark, the Supreme Court told us that it is firmly established that particularly when the phrase conviction is used to describe the effect of a former conviction in a subsequent case, a withhold doesn't count, an adjudication is required. And also in McFadden, which the Florida Supreme Court ruled, I believe, in 2000 and was discussed at length in the Clark decision, that case arose in a procedural posture similar to that in Gazda where the defendant had pled guilty but not yet been sentenced and no formal... What's your definition of adjudication? When does it happen? It happens when the trial court adjudicates the defendant guilty. In many cases, my understanding in state court is it happens at the time of the plea, but the Florida case law also indicates that if the judge decides to order a pre-sentence investigation report, it can happen later at the sentencing. And so many of the cases... This case, wasn't there in the transcript of the taking of the plea that at some point he was found guilty of the offense for which you're contesting, for which there was no adjudication? That's correct, Your Honor. And we dispute that there was actually the entry of a plea of guilty as opposed to no law. In fact, there was no actual entry of a plea on the transcript. But it's very clear and it's undisputed that the court withheld adjudication pursuant to its authority under Florida Statute 948.01. And that was not considered a conviction. He did not lose his civil rights at that time. He was still permitted to vote. He was still permitted under Florida law to own a gun. He was not a convicted felon at that time based on the prior offense that we're talking about today. Would his whatever you call it, no law, guilty plea, adjudication withheld, whatever, would that qualify under Florida law for a habitual felony treatment? At this time, currently it would, Your Honor, because the legislature has expressly so stated. Then doesn't that answer the question for us? Because this is also, in a way, a recidivism statute that increases a statutory penalty based on prior criminal history? Your Honor, if the court were to look at the Santiago decision, and this is the premise of it that I'm contending is incorrect, and quite frankly they used the term context specific five times in Santiago, whereas the Florida Supreme Court used the longstanding and consistent language three times. These are very different definitions. Because the court in Santiago believed that Florida law was so changing and context specific, it actually rejected the defendant's argument that 924E should be interpreted by the same definition of conviction as used in 922G. That actually, and the court even said, is a facially good argument. It looks like it on the face of the argument that it would be the same language. 924E actually mirrors the language of 922G when you're talking about a conviction. But because the court misunderstood what it believed to be this context specific shifting language in Florida case law, it said we have to go back and find an analogy. Because there is a set definition absent an express statutory exception,  we should have used the longstanding consistent definition of conviction that requires an adjudication. But if Florida, if state law governs and Florida law says that a no low plea counts for a habitual offender statute, why doesn't it apply here? Because for two reasons. First of all, we should only, we shouldn't even be engaging in the analogy because there is a definition. This statutory interpretation that the court used in Santiago is not traditional statutory analysis. They felt compelled to do it. I'm talking as if those cases are off the table. Okay. I want to play on your terrain. The Florida habitual offender statute is not a good analogy for several reasons. First of all, ACCA is at its core an aggravated gun offense. The Supreme Court has said so. We're not punishing you based on your status. We're punishing you for your latest crime because it's an aggravated form. The habitual offender statute works differently. No, but it has to be a form of a recidivism statute because your crime isn't any different. It's just that you were more sinful in the past, according to Congress, and you're going to pay more consequences now. The crime is the same. Well, correct. Well, that may be true, Your Honor, but my point is that the habitual offender statute in Florida works a little bit differently. It's not an indicted crime. It's a filing that the prosecutor files. It applies to multiple offenses, not just specifically one particular offense, and also it is not mandatory. Why does that matter? Because it doesn't use the modified categorical approach. You want to import the whole ACCA debate over categorical, modified categorical, divisible, non-divisible into Florida state law? Well, I think that's what the court did in Santiago by incorporating a state statute, and that's why it doesn't work. No, but I'm accepting your premise that we should not worry about Santiago. I want you to assume that you're right on that point and convince me why, if we're writing on a clean slate, if we're looking at state law and state law says a no low adjudication counts for habitual offender purposes, a recidivism type statute, why doesn't it count here for ACCA, which bases an increased statutory minimum based solely on your prior convictions? Well, then we would be looking at 924E, Your Honor, and 924E specifically incorporates the definition of 922G. And in fact, 924E has one exception to a formal conviction, and that's in the case of a juvenile finding of delinquency involving a violent crime. There are no other exceptions to 924E other than a formal conviction. And I think it's also very significant if we're looking at the statutory history of 921A20. 921A20 was a response to the Supreme Court's ruling in Dickerson that the definition of conviction for gun purposes was defined by federal law instead of state. Congress amended that specifically to accommodate state court adjudication and probationary reforms like the one in this case to accommodate, allow, to be more permissive to gun rights, essentially. And you can also see that in 921A20, where if you've had your rights restored, it does not count. So there is this inherent leniency towards what's a definition in the federal statute. We also have to look, I think, at the language in Clark regarding the purpose of the withhold. The government had argued in the Florida Supreme Court that the only difference between a withhold and an adjudication was that the state court judge didn't have to put the defendant on probation. And the chief justice, who ended up writing the opinion, Chief Justice Labarga of the Florida Supreme Court, asked the government, then what's the purpose? Why are defense lawyers always asking me for the withhold if it's no difference? And the government, I would submit, didn't have a very good answer to that at the time. And I would submit that there is no answer because there is a difference. Under Florida law, it is well established and understood that this is not a conviction. And when you look at de comp and you look at Taylor, the Supreme Court has repeatedly said we can't deprive a defendant of the benefit of his bargain when we come to ACCA sentencing. The defense lawyers negotiated. And in this case, the guy actually did 30 days in jail, but he negotiated for the withhold. And the withhold meant something. And the withhold meant that it wasn't a conviction at the time. And the plain language of 924E refers back to a conviction by any court in 922G. And so there's absolutely no reason, either under 921A20, 924E, or 922G, why we would be using a different definition. Florida law, procedurally, what happens when there's a withhold? Is the conviction undone? Traditionally, what happens is the defendant is set on probation. And once the defendant completes the probation, the withhold goes away. And the court can see that in the Rowlerson case. There's actually a footnote where they talk about it. No, the withhold goes away. I'm sorry. It's not a conviction. There's no conviction. So there's a conviction that gets undone? No, Your Honor. The conviction is never entered. If the defendant were to have violated his probation, he could have been adjudicated later. So there's a finding of guilty where there's a withholding of the judgment of conviction pending completion of probation. Correct. And if the defendant completes probation, the judgment is never entered. And in this case, it's undisputed that it was a withhold. He was not convicted under Florida law for this purpose. So what judgment gets entered? The withhold of adjudication. So that judgment is entered? The judgment is entered, but it's not considered a conviction under Florida law. I know. But there is something called a judgment which constitutes a withhold of adjudication if the probationary term is completed without problems. Correct, Your Honor. And in this case, the defendant actually wasn't sentenced to probation, so that was final once it was entered. So the way it would work under Florida law is if somebody enters a plea, let's say it's an offered plea, the court has to find him guilty of the offense based upon the evidence that the government presents. Do you agree with that? Yes, Your Honor. And decides for his benefit that you can get the detriment that you suffer as a result of being found guilty ignored by not entering a conviction because you have successfully completed probation. Yes, Your Honor. So there's a finding of guilty. So the defendant has committed the offense. That is correct, Your Honor. He just gets the benefit of there not being an ongoing record. That's correct, Your Honor. Here's where, as a practical matter, the whole purpose of the sentencing guidelines is that if somebody who is engaged in repetitive criminal conduct under the guidelines ends up suffering a more significant sentence because of their past criminal conduct. In this case, there's a finding that he engaged in past criminal conduct. What you're saying is that that can't be taken into account under ACCA. It's as if he never committed the crime. Not only is that what I'm saying, Your Honor, that's what the Supreme Court said in both Decomp and Taylor. The ACCA doesn't use the term finding. It uses the term conviction. And even though this court said in Phillips that Santiago finds that the withholding of an adjudication doesn't impact the consideration of that, that that court was wrong? That was dicta, Your Honor. The issue was not raised in Phillips. In fact, the holding of Phillips was that the defendant affirmatively waived it by conceding that it counted both in the district court and on appeal. The defendant merely raised the issue in Phillips in case the law changed in the future. The defendant in Phillips never argued that Santiago was wrongly decided, and the government never responded to it, in fact, arguing only the waiver and invited error issues. Okay, Ms. Dreibel, thank you very much. You have your full time for rebuttal. Ms. Rivera. Good morning, and may it please the court. Clark does not abrogate or even undermine Santiago in any way, and Santiago's holding that a Florida withhold of adjudication is a conviction for purposes of the ACCA is directly on point and binds this court. Clark examined whether a Florida withhold of adjudication was a conviction specifically for purposes of Florida's felon in possession statute, and significantly the Clark decision specifically distinguished the separate and distinct consideration of withholds of adjudication as convictions for purposes of Florida's own recidivist statute, its habitual offender statute, Florida's version of the ACCA. The Florida Supreme Court in Clark explained that Florida defines conviction in a way that gives context. It defines it in relation to the specific statute and the specific purpose of the statute where that term conviction exists. So Clark explained the whole premise behind an adjudication withheld is that it promotes rehabilitation. Under Florida statute 948.01, the Florida trial judge makes a determination that the defendant is not likely again to commit criminal conduct and that the ends of justice and welfare of society do not require that the defendant, and it says presently, suffer the penalty. And that's what you were saying, Judge Duffy. There's a finding of guilt, but because he's not likely to recidivate, because the ends of justice require in this particular case, we're going to not adjudicate him guilty. There's not going to be a conviction so that he can retain his civil liberties, so that he can vote, so that he can have a gun. The Clark case specifically explained then that in the context of the felon in possession statute, that's a statute that's intended to keep guns out of the hands of people who are dangerous or might reoffend. And that purpose is not served where the judge has explicitly made that finding under section 948.01 that the defendant is not a danger and not likely to reoffend. By contrast, a defendant who has received the benefit of a rehabilitative sentence and continues to commit crimes is not to be treated with further leniency. In that case, the Florida courts count these withholds of adjudication as convictions for purposes of sentencing later on when that defendant recidivates. And that is specifically under Florida statute section 775.084. That's the Florida habitual offender statute, and it has a number of different categories. There's habitual felony offender. There's habitual violent offender. There's violent career criminal. They're all defined, and they are similar to the ACCA. You have three prior convictions for something that qualifies as a violent felony. There's enumerated offenses. It's similar to the ACCA. But specifically at 775.084, section 2, it says, for the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction. And Clark... What does Clark say about that, if anything? It specifically distinguishes that context, the habitual offender context, from the felon possession statute. So it says, we're here to look at whether a withhold is a conviction for felon possession. And now it lists a number of different statutes and contexts where a withhold of adjudication does count as a conviction. And it specifically lists Florida statute 775.084, the statute I was just referring to, regarding sentencing enhancements for habitual felony offenders. That's at page 1113 of the Clark decision. And then it goes on to specifically distinguish that when it says, the significant factor concerning the above-cited statutes, including that one, is that they do expressly include withhold adjudications as convictions for purposes of the statute. And, by contrast, the felon in possession statute, the Florida Felon in Possession Statute 792.3, does not include withhold adjudications within its definition of felon in possession. So Clark is consistent... I'm sorry, Judge. So are you saying that in Florida, a sentencing judge can consider a previous conviction, or a previous withholding of adjudication, where there's subsequent criminal conduct, whereas if we follow the defense argument, a federal district court judge would be denied the opportunity to take that into consideration in determining whether or not he's an offender under the ACCA? No. So in the Santiago decision, it looked to Florida law to determine whether the withhold qualified for ACCA because there's a federal statute that says for purposes of 922G and 924E, you look to Florida law. So Santiago looks to Florida law, and it says, what context are we going to look at? Well, we're going to look at the similar context in the Florida system, which is this habitual offender statute. And Florida law specifically allows those withholds to count as priors for their habitual offender statute. So we're going to allow it for the ACCA. Santiago is directly on point. Santiago is saying that in order to treat an offender the same way in state court and federal court, you have to do what the federal court does, which is for subsequent criminal conduct, the withhold can be considered in connection with an appropriate sentence? Yes, except I want to tweak a little bit of the question. The reason why we're looking at state law for ACCA purposes is because there's a specific statute that says 924E. When you look at the term crime punishable by imprisonment for more than one year, you look to state. I mean, sorry, what constitutes convictions by state law? It is different from, for example, federal statute 841, 851, where you have enhancements. In that context, you look to federal law. But we have a specific statute that tells us you've got to look to state law. And Mr. Isbell's right. Both 922G and 924E are governed by that statute 921A20 that says go to state law to figure this out. When you go to state law, the Florida courts, and Clark just recently, the Supreme Court of Florida, was very clear that context matters. And when Florida Supreme Court defines what a conviction is, it looks at conviction in what context? Is it in the felon possession context? Well, then it doesn't count because the whole point of public adjudication was because you let the defendant keep his civil liberties because he's not likely to reoffend because the interest of justice support that determination. It's a specific factual finding that a Florida state judge makes under Florida statute 948.01. But all bets are off when that guy recidivates. I mean, the whole purpose of withholding adjudication was a finding that he's not likely to again engage in criminal conduct. Now, Mr. Anderson's a perfect case in point. The Florida judge made a written finding of guilt and withholding of adjudication. And right in this document, it says the court has found that Mr. Anderson is not likely to engage in criminal conduct. The ends of justice don't require that he presently suffer the penalty. So it's a withhold. Two years later, Mr. Anderson has another cocaine conviction. Now in 2010, he has an armed robbery conviction. Now he has recidivated. And so the whole purpose of giving him the break that he got when the adjudication was first withheld no longer applies in that context. Santiago said that, and Clark says that also. So the two cases are in harmony. Do you know, Ms. Rivera, what other circuits are doing with states that may treat withholds differently depending on context? Or do you know of any other circuits that have been faced with that sort of a scenario where there isn't a one glove fits all type answer, either withhold always counts or a withhold never counts? I do not. I know that if there was another circuit facing with, that always under ACC, you're going to look to state court. And whether it's the Third Circuit, Second Circuit, Fifth Circuit, they're going to look to Florida law. And Florida law is quite clear. No, no, I wasn't. I was talking about another circuit having to deal with another state's law that was similar to Florida's, where whether or not you count a withhold might depend on context and whether any other circuits had struggled or dealt with that similar issue too. Not that I'm aware of. I think that the Santiago decision is on all fours and binds this court and is absolutely consistent with the later Florida Supreme Court's explanation of what an adjudication withhold means. It's context specific and in the Florida system under their habitual offender statute, these withholds count as convictions and they count under Santiago for purposes of the ACCA. Well, the reason I think that we have these sorts of issues presented to us is because our government lawyers and defense lawyers are better than they are in the other circuits. Thanks, Judge. If there's no further questions, we rely on our brief and ask the court to affirm the sentence. All right. Thank you very much, Ms. Rivera. Ms. Streisful. I absolutely disagree with the government's characterization of Clark. Clark did not say a conviction under Florida law is context specific. When exceptions to the rule are made, it is based on express statutory language. For over 100 years, there has been a longstanding, consistent definition of conviction under Florida law that requires an adjudication. There is no need to engage in the analogy because that definition does exist and it has been clearly understood by the Florida courts for over 100 years. Why would the Florida Supreme Court, do you think, mention that statute as one scenario in which a withhold might be treated differently? Because the government argued to the Florida Supreme Court that withholds were context specific and cited all of these statutory exceptions. And what the Florida Supreme Court said is exactly what the government quoted. They said the significant fact about these is that they do expressly say so. Where the legislature hasn't expressly said so, we use the longstanding, consistent definition of conviction that requires an adjudication. Well, hasn't the legislature expressly said so in this case? Your Honor, the habitual violent felony offender statute is just a bad analog. Why? Because it is a character analysis where it makes sense to cast a wider net. They're not looking at a conviction in the definitional sense. They're looking at whether or not this person should be sentenced to a higher sentence under an advisory system. It's absolutely inapplicable. And the government made the same argument. Why does advisory system matter in this context? Because it's only because of the prior conviction that the possible higher sentence is even possible. Because I think the court still has to hold true to the Supreme Court's analysis of ACCA and that we do use this categorical approach. If Florida had a statute that was like ACCA and said if you committed a certain type of number of offenses, then we're going to deem you a habitual felony offender and you're going to get a minimum sentence of 10 years no matter what, would it be a better analog? It would probably be a better analog, but I still submit we don't go there because 921A says that we use the definition of conviction. And Florida has a definition of conviction that should be imported and incorporated under 921A and 924E. And there's no reason why conviction should mean something different in 924E than it does in 922G. 924E- But it might make sense if there's a difference in Florida law and we're required to look to Florida law. But Florida- If Florida had, if the Florida Supreme Court had a common law case under defining conviction that said- And it does. But I'm going to switch things a little bit for you. If the Florida Supreme Court had a case that said in a common law adjudication that a withhold of adjudication is not a conviction for our felon in possession laws but is a conviction for a habitual offender recidivism statute that creates a mandatory statutory penalty, would that fit or would that be different too? I still think that's different unless we're talking about an enhanced form of the gun crime. Because you're- It has to be the same crime? I mean, imagine the best argument you would make for using the analog would be if it's the same crime. My argument is that we shouldn't be using the analog. I know. But I'm trying to ask you to- I understand. This time play on my terrain. I understand. What I'm saying is it's closer. It's certainly closer. It's not perfect. If Florida had a perfect analog, that would be different. But this is an unusual statutory analysis that the court engaged in in Santiago. And the court only engaged in it in Santiago based on the faulty premise that there's this context-specific definition of conviction under Florida law. Your argument is, and you can obviously correct me if you think I've got it wrong, that you don't get to anything else because you use the baseline conviction definition given by the Florida Supreme Court. Correct. And you stop there and you don't go anywhere else. And so a statute like Section 775.084 doesn't even come into the picture. That is my argument, Your Honor. And if I can make two more points, I see my time is up. One more point. Okay. I'm going to combine them. Florida- There is a well-established over 100 years of precedent in Florida that when a conviction is an element or a fact that has to be found to establish a heightened recidivist offense, it requires an adjudication. The habitual offender was legislatively changed to eliminate that requirement. But if the Florida Supreme Court had 924E in front of it, there is no doubt under the principles established in Clark and McFadden and 100 years of Florida jurisprudence, 924E would be interpreted by the Florida Supreme Court to require the adjudication. You want us to certify this question too? If the court would like to do that, I think it can. Again, my argument, if we were on a clean slate and I were just trying to argue this for the first time, 924E clearly refers back to the conviction in 922G. There's absolutely no reason to engage in this context-specific statutory analysis because 924E is clear. We've got that argument, but Judge Duffy has a question. There is a reason. Let me see if I understand your argument. Let's say that you have two defendants. Both of them end up being convicted of five felonies. We have the same situation where we're trying to determine whether or not those five felonies are counted towards whether or not somebody is a habitual offender. One of them happens to have had some good luck and they entered an offered plea and they were required for some short period of time to comply their conduct with the law, and there's a withholding of adjudication, and that conviction in your world wouldn't count. Somebody else is not as successful. They've done exactly the same thing. One of them could possibly be determined, even though they've engaged in the same criminal conduct, one just happened to have one conviction withheld. One would qualify as a habitual offender, the other wouldn't. That's the practical consequence, isn't it, if we accept your argument? Well, Your Honor... I mean, really, because what you're saying is one person you don't count their conviction, the other person you do because they weren't successful. Well, if, Your Honor, we're speaking of ACCA, I would say that's absolutely true, and that is consistent with the Supreme Court's interpretation of ACCA. The habitual offender statute is a character analysis that allows the sentencing court to make findings as to whether or not the character of this individual... I understand your argument that what would happen in Florida state courts. I'm talking about as a federal district court judge would be sitting there saying, at 9 o'clock I'm sentencing this person, at 10 o'clock I'm sentencing this person. The only difference is that one has a withheld adjudication and one doesn't. Your Honor, the Supreme... I have to find that person as a habitual offender under ACCA and the other one I don't. That's correct, Your Honor, and that's because the Supreme Court has repeatedly said we cannot deprive the defendant of the benefits of their bargain. If a defendant pleaded guilty, committed a common law generic burglary, but pleaded guilty to something that was less than generic burglary, we shouldn't later be going back and sentencing him under ACCA because we can look at the facts and find out it was a generic burglary. It's the same scenario where that defendant negotiated for a withheld adjudication on a first offense. Long-standing, consistent definition of conviction should be applied. All right, thank you very much. Ms. Rivera, do you have any objection to certification to the Florida Supreme Court if we decide to go that route? I don't think the court needs to go that route because the Florida Supreme Court and Clark specifically answered the question that for... I know, but both of you believe very strongly in your positions, which might lead us to kick it over to the Florida Supreme Court and have them tell us what the answer is. I think the government's position would be that there would be no reason to, but... Okay, I'll take that as an objection. Thank you very much. Thank you.